Barnard, P. J.
No reason is furnished by the appeal papers for interfering with the judgmeno rendered at special term. The facts are peculiar but easily understood Sarah E. Davis and Charles E. Davis, in January, 1879, owned two parcels of real estate in the city of New York. The pieces adjoined and in one body although they were fronting on different streets, and both pieces were subject to a mortgage of $4,000 then held by the executors of Abraham Sands. On the 39th of January, 1879, Sarah E. Davis and Charles B. Davis sold to Fredrie Diecke and Fredric Vogdt that portion of the premises which fronted on Water street for $3,100. This left the purchase money $900 short of the amornff of the mortgage of $4,000 which the grantors wished to *876 charge on the grantee entire. The grantors also wished $600 in cash and the purchasers advanced that sum and the deed was given of the Water street property-charged with a covenant to pay the entire $4,000 mortgage by the grantees. At the same date the mortgage in question was given for $1,500 on other property, being for the $900 difference between the purchase-price and the Sands, mortgage and the $600 cash. There is no legal objection to the transaction, the result being that Diecke and Vogdt agreed to pay $900 for a debt of the-Davis grantors to the Sands estate, and gave in effect a lien upon their property for it, besides being personally liable and took this mortgage in consideration, of the covenant with an addition of $600 for cash lent They became principal debtors to Sands and they held absolutely the security given by the mortgage now being foreclosed in this action. They must pay Sands at all hazards, and are entitled to the consideration. Assuming the mortgage in question to have-belonged absolutely to Diecks and Vogdt the question of the consideration of the transfer by them to the plaintiff is without importance. They could give away the'security as against the debtors, and the debtors have no defence to it as against the holder and owner.
The judgment should be affirmed, with costs.
Pratt, J., concurs.